FULLER BRUSH CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10487.    Promulgated October 17, 1927.

*Warren M. Brown, C. P. A.,* for the petitioner.
*J. W. Fisher, Esq.,* for the respondent.

The Commissioner had determined a deficiency in income and profits taxes for the year 1921 in the amount of $27,871.66. The only question in dispute is the deductibility of $40,000, representing an

estimate of the bonus to be paid in the year 1922 to certain employees of the petitioner provided certain conditions were fulfilled.

### FINDINGS OF FACT.

Petitioner was organized under the laws of the State of Connecticut and had its principal offices at Hartford.

Beginning with January 1, 1921, petitioner instituted a system of annual bonuses to sales representatives based on sales made, payable at the close of each employee's fiscal year, if such employee was in petitioner's employ an entire year. At the close of the year 1921, bonuses in the amount of $56,449.17 were paid to sales representatives who had been with the petitioner during the entire year of 1921 and who had sold the required amounts of merchandise to place them in the bonus class. For the salesmen who entered the employ of petitioner during the year 1921, and whose year of employment did not end until some time during the year 1922, an estimated reserve of $40,000 was set up on the books of petitioner to provide for the amount of bonus which, based on the amount of sales made, would have been attributable by apportionment to 1921 and a charge in this amount was made against profit and loss.

The Commissioner disallowed as a deduction the reserve of $40,000.

### OPINION.

ARUNDELL: We have held that contingent reserves may not be deducted from income under the several revenue acts. *Consolidated Asphalt Co.*, 1 B. T. A. 79; *Uvalde Co.*, 1 B. T. A. 932; *Pan-American Hide Co.*, 1 B. T. A. 1249; *M. I. Stewart & Co.*, 2 B. T. A. 737; *Crescent Cotton Co.*, 5 B. T. A. 850.

Before an employee became entitled to a bonus he must have remained in petitioner's employ for at least one year and must moreover have sold a certain amount of merchandise. On December 31, 1921, none of the employees for whom the reserve of $40,000 was established had been in petitioner's employ for one year and no evidence was introduced as to the volume of their sales, or indeed what amount of merchandise they must sell to entitle them to a bonus. Petitioner's liability being purely contingent, the deduction was properly disallowed.

*Judgment will be entered for the respondent.*

Considered by LANSDON and GREEN.